**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

CHARLENE S. SMITH

AUG 24 2026 PM12:48
FILED-USDC-CT-HARTFORD

Plaintiff,

v. Civil Action No.: 3 :26-cv-1355

U.S. BANK TRUST, NA AS TRUSTEE FOR

LSF9 MASTER PARTICIPATION,

Defendant

A NATIONAL BANKING ASSOCIATION

CHARTERED UNDER THE NATIONAL

BANKING ACT

**PLAINTIFFS REPLY IN OPPOSITION TO DEFENDANT STATEMENT OF COMPLIANCE WITH STANDING ORDER ON REMOVED SUPERIOR COURT CASE HHB-CV26-5040967S**

Plaintiff hereby states as follows to:

Numbers 1, 2 and 3

On July 23 via email prior to docket number assignment the complaint was sent to CT_Pleadings@BrockandScott.com

Plaintiff in this action contacted the CT Secretary of State pursuant to CGS §§ 33-290 specifically indicates must obtain a Certificate of Authority and formally appoint a registered agent before legally conducting business or use the court system CSG 33-929 forbids the use of unregistered status to escape lawsuits and waive their rights of standard protections.

Furthermore, subject to a three-hundred-dollar ($300.00) penalty for each month and barred from maintaining any lawsuit in Connecticut until registered and paying all back fees.

Plaintiff exerted diligence no registered agent was found for in the database contacting the Office of the Comptroller of Currency (OCC) finding much of nothing with any accurate updated contact information for this foreign entity or directing to Counsel disclosure statement.

Plaintiff had the marshal serve the firm as agent for service in the foreclosure action per statue appears proper service even with the exemption disclosure statement; they must be reachable when a citizen has been harmed.

Once the notice of service was on the docket serving Defendant via certified return receipt at the address on the summons and complaint 16745 W. Bernardo Drive Suite 300 in San Diego, CA 92127 left at 243 Lawlor Street Unit 3C New Britain, CT the premises in February 2018 commencing the foreclosure action.

United States Postal Service response return to sender location vacated and returned undeliverable.

A corporate entity cannot supply a fraudulent or vacant address to the public and then use that same vacancy to get a lawsuit dismissed.

Equitable Estoppel Doctrine: Under long-standing Connecticut case law, a party cannot benefit from a hurdle they created themselves listing a vacant address on their summons, the lender is legally "estopped" from complaining Plaintiff did not serve them at that address.

Further investigation found that the address on summons had been vacated before or after November 2022.

Moreover, they aren't exempt from The Constitution's due process requirements.

US Bank Trust NA is doing business in CT as a non-citizen without an agent for service apparently escaping taxes yet filing foreclosures legally and/or illegally as here avoiding/evading lawsuits to be brought for their intentional harmful malicious acts.

4. Plaintiff has shown diligence to serve Defendant, including attaching the Affidavit composed by the marshal who served Brock and Scott PLLC in a statement as noted receiving agent for service.

Under federal law, the entire point of "service of process" is to give the other side fair notice that they are being sued so they can defend themselves.

Therefore, serving the Connecticut law firm executing the illegal foreclosure summons and complaint was the only viable method to provide actual notice, which is fully proven by the fact that the Defendant has actively appeared and removed this case.

Borgia v. Borgia, 131 Conn. App. 292 (Conn. Appellate Court): The court held that a Connecticut State Marshal's return of service is prima facie evidence of the facts stated within it. The burden of proof shifts entirely to the lender.

Defendants' special appearance indicates a small technicality yet gives the appearance hiding behind a shell game in addition using a mismatched geographic address to steal Plaintiffs over twenty-five (25) year residence, using a vacant address to be hidden from the public, and then calling foul when Plaintiff served the only real lawyers representing them.

Defendants' defense of improper service as a claim is not a valid defense, which indicates ongoing bad-faith stall tactics designed to execute an un-docketed lockout.

In addition, the law firm Brock and Scott PLLC accepted Plaintiffs papers, scanning them into their system and admitted, a signed notarized State Marshal's Affidavit is recorded on the official court docket invalidates the claim of "improper service" and is a false statement by counsel regarding improper service in the view of a *pro se* is fraud upon the court to have the request for an emergency injunction thrown out.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (U.S. Supreme Court): is a foundational landmark case for all service disputes. The U.S. Supreme Court ruled that process of service only requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" serving the active local law firm representing a phantom, unregistered entity is the only method reasonably to give them notice.

Standard Tallow Corp. v. Jowdy, 190 Conn. 48 (Conn. Supreme Court): The Connecticut Supreme Court ruled that a defendant who has actual notice of a lawsuit cannot escape a court's jurisdiction through technical service defects if the plaintiff made a diligent, reasonable effort to reach them.

Knutson Mortgage Corp. v. Bernier, 67 Conn. App. 768 (Conn. Appellate Court): In a foreclosure context, the court ruled that when a party has actively appeared in a case, they have waived technical defects in service because the fundamental purpose of service is giving actual notice which had been achieved.

Under Connecticut law, the above constitutes a valid and binding service of process on an unregistered foreign entity.

Moreover, the lender successfully hired a law firm to remove Plaintiffs case to federal court, they clearly received actual notice of your lawsuit and cannot claim they didn't know about the suit while simultaneously filing federal paperwork to fight it.

Attorneys are strictly forbidden from making false statements of material fact to a tribunal under Connecticut Rules of Professional Conduct stating

improper service is/was a **bad-faith misrepresentation of fact** when the documents were actively scanned pursuant to a marshal's delivery into their computer system is an egregious ethical violation.

Plaintiff is considering an emergency complaint with the Connecticut Statewide Grievance Committee against opposing counsel for fabricating a service defect to execute an illegal, un-docketed lockout against a 70-year-old disabled citizen.

5. Defendant response is accurate; there aren't any other name defendants on the summons.

Plaintiff *pro se* asks of the judge for an Order for Substituted Service or a brief extension of time to re-serve Defendantat the Delaware address if necessary for preservation of rights to proceed in the legal content.

August 24, 2026

Respectfully submitted

/s/Charlene S. Smith

243 Lawlor St., Unit 3C

New Britain, CT 06051

smithcharle@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, a copy of the forgoing Compliance Reply was filed and served by first class mail, facsimile or emailed to all parties and can be accessed electronically through the court CM/ECF System.

Regina J. McClendon (CT31539)

Troutman Pepper Locke LLP

Three Embarcadero Center, Suite 800

San Francisco, CA 94111

Tel. No.: 415-477-5700

Fax: 415-477-5710

regina.mcclendon@troutman.com

Andrew D. Bullard (CT29802)

Troutman Pepper Locke LLP

1 Landmark Square Suite 1650

Stamford, CT 06901

Tel. No.: 203-975-7505

Fax: 203-975-7180

andrew.bullard@troutman.com

**Certification Continued**

Crystal L. Cooke (CT404401)

Troutman Pepper Locke LLP

1 Landmark Square Suite 1650

Stamford, CT 06901

(860) 541-7714

crystalcooke@troutman.com

/s/Charlene S. Smith

243 Lawlor St., Unit 3C

New Britain, CT 06051

smithcharle@hotmail.com